UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIX De BATAL,
    Plaintiff,

v.

Case No.
HON.

PERFECTION BAKERIES dba
Aunt Millie's Bakery,
a privately held corporation,
    Defendant.

**SCHRAMECK LAW, PLLC**
JEFF T. SCHRAMECK (P69523)
Attorney for Plaintiff
42180 Ford Rd. Ste. 275
Canton, Michigan 48187
(734) 455-5400
(866) 306-3462 Fax
jeff@schramecklaw.com

**COMPLAINT AND JURY DEMAND**

**Complaint**

Mr. Felix De Batal ("PLAINTIFF"), through his attorney at Schrameck Law PLLC, states the following for his Complaint against Aunt Millie's Bakery, ("DEFENDANT").

**Jurisdiction and Parties**

1. This is an action for deprivation of Plaintiff's rights pursuant to the Age Discrimination Act of 1967 (ADEA), 29 USC §621, et seq, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) et seq. ("Title VII"); 42 U.S.C. § 1983 and Mich. Comp. Laws § 37.2101 et sq. ("Elliott Larsen Civil Rights Act").

2. As set forth above, this Court, the United States District Court for the Eastern District of Michigan has jurisdiction pursuant to Plaintiff's claims 42 USC 2000e-5, 28 USC §1331 and 28 USC §1343, and venue is proper in this Court pursuant to 28 USC 1391 (b) (1) and (2).

1

3. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC § 1367.

4. Plaintiff is a United States Citizen and a resident of the city of Trenton, State of Michigan.

5. Defendant is a privately held company headquartered in Fort Wayne, Indiana with a principal location operating in the city of Plymouth, State of Michigan and is subject to the jurisdiction of this Court.

6. The transactions, occurrences, events, and omissions which are the subject matter of this action took place within the Eastern District of Michigan.

7. Plaintiff timely filed a charge of discrimination based upon national origin, age discrimination, harassment, and retaliation, and brings this action within 90 days of receiving his notice of right to sue, dated August 16, 2020.  (Ex. 1 – EEO Dismissal & Notice of Rights).

## Background Facts

8. Plaintiff is a fifty-eight (58) year old male who immigrated to this country from Russia and is an 'employee' within the meaning and coverage of Title VII and falls within a protected class of persons under Title VII, the ADEA, and the Elliott Larsen Civil Rights Act.

9. Plaintiff's first language is Russian, and he speaks English with a distinct and pronounced accent.

10. Plaintiff began employment with the Defendant through LaJoy Group, Inc. who is a staffing agency with multiple offices located in Michigan.

11. The Plaintiff was employed at the Defendant in the position of Maintenance Mechanic.

12. Defendant at its sole discretion made the hiring and firing decisions related to the Plaintiff.

13. Defendant at its sole discretion scheduled the Plaintiff for work as a Maintenance Mechanic and determined the work assigned to the Plaintiff.

14. In January of 2020, Mr. Scott Smith was employed by the Defendant and was a direct supervisor of the Plaintiff.

15. In January of 2020, Plaintiff was the oldest Maintenance Mechanic working for the Defendant and no other similarly situated employees were within his demographic for age and or national origin.

16. Throughout the course of employment with Defendant, Plaintiff performed his job duties in a manner that was satisfactory or exceeded expectations.

17. On or about January 14, 2020, Plaintiff was threatened and intimidated by the behavior of Mr. Scott Smith and the behavior was interpreted by the Plaintiff to be aggressive and demeaning.

18. On or about January 14, 2020, Mr. Scott Smith ridiculed and mocked the accent and speech of the Plaintiff.

19. Mr. Smith had mocked and ridiculed the accent and speech of the Plaintiff on previous occasions and Plaintiff was offended by the harassment based upon his ethnicity.

20. On or about January 14, 2020, when Plaintiff was ridiculed and mocked by his supervisor, he felt offended and personally attacked.

21. On January 14, 2020, Plaintiff informed Mr. Smith that he was leaving his shift due to the insults and demeaning behavior the Plaintiff experienced.

22. On January 14, 2020, the Plaintiff informed Mr. Smith that he would return for his next shift and did not indicate that he quit or resigned his position with the Defendant.

23. Mr. Smith incorrectly informed senior plant management at the Defendant's Plymouth location and human resources for LaJoy, Inc. staffing that the Plaintiff quit his job.

24. Plaintiff reported Mr. Smith to senior plant management for the Defendant and to a human resources representative for LaJoy, Inc.

25. Ms. Kate Talarczyk, Client Service Manager, for LaJoy, Inc. requested that Plaintiff submit a written statement about the incident that occurred with Mr. Smith on January 14, 2020.

26. On January 17, 2020, Plaintiff went to the Defendant's Plymouth location and personally delivered his written statement to Wendell Blankenship, Plant Director for Defendant, and Kate Talarczyk, Client Service Manager for LaJoy, Inc. at. When he delivered the written statement Mr. Blankenship and Ms. Talarczyk informed Plaintiff that he had resigned his position with Defendant. Plaintiff had never resigned his position with Defendant.

27. Senior Supervision for the Defendant accepted and enforced the false statements of Mr. Smith in eliminating the employment of the Plaintiff.

28. Senior Supervision for the Defendant alleged Daniel Whittington, an employee for the Defendant corroborated Mr. Smith's charge against the Plaintiff.

29. Mr. Whittington was instructed and forced by supervision for the Defendant to write an inaccurate statement indicating the Plaintiff quit.

30. Mr. Blankenship and Ms. Talarczyk never reviewed the detailed statement Plaintiff prepared prior to insisting that Plaintiff resigned his position and was no longer able to work for the Defendant.

31. Agents and or employees for the Defendant acted in concert to create false allegations that Plaintiff quit his position.

32. Supervision for the Defendant determined the Plaintiff resigned based solely upon the false statements of Mr. Smith and the statement of Daniel Whittington who was forced to write a statement alleging that the Plaintiff had resigned.

33. On January 15, 2020, Wendell Blankenship, Plant Director for the Defendant instructed LaJoy, Inc. to end the Plaintiff's assignment with Defendant.

34. On January 15, 2020, the Defendant made the decision to terminate the Plaintiff's employment prior to any investigation into the discrimination that had previously been alleged by the Plaintiff.

35. At all times relevant to this complaint, direct supervisors and fellow employees were aware of Plaintiff's national origin.

36. At the time the Defendant alleged the Plaintiff resigned his position, he was fifty-seven (57) years old and the oldest Maintenance Mechanic on his shift.

37. In addition to and/or in the alternative, the discipline and hostile treatment of Plaintiff was due to his age of 57 years old.

38. Similarly situated employees for Defendant who were not of the same national origin and or age of the Plaintiff committed more egregious actions including but not limited to failing drug tests, negligent job performance, and or fighting on the job and were not terminated.

39. Similarly situated employees for Defendant who were not of the same national origin were not ridiculed and harassed for their speech and accent.

40. The discriminatory and hostile treatment of Plaintiff has no valid business purpose or justification.

## Count I: NATIONAL ORIGIN DISCRIMINATION
### (Disparate Treatment, Harassment, and Intentional Discrimination)

41. The foregoing paragraphs are incorporated herein by reference.

42. At all material times, Defendant was an employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

43. Plaintiff's national origin was a factor that made a difference in Defendant's decision to subject him to the wrongful and discriminatory treatment described above.

44. Defendant, by its agents, representatives, and employees, was predisposed to discriminate and harassment of the Plaintiff based upon his national origin and acted in accordance with that predisposition.

45. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

46. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## Count II: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF ELLIOTT-LARSEN
### (Disparate Treatment, Harassment, and Intentional Discrimination)

47. The foregoing paragraphs are incorporated herein by reference.

48. The Elliott-Larsen Civil Rights Act forbids an employer from discharging or discriminating against an employee with respect to the employee's terms and conditions of employment and applies to an employer and its agents.

49. Plaintiff, a native of Russia, was an employee of Defendant, Aunt Millie's, and falls within a protected class of persons under Elliott-Larsen Act.

50. Plaintiff suffered adverse employment actions, including excessive harassment and unwarranted and prejudicial scrutiny and discipline. Plaintiff was discriminated against by being singled out, the subject of false accusations, and accused of resigning his position.

51. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and

has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

52. The foregoing paragraphs are incorporated herein by reference.

53. Defendant retaliated against Plaintiff for having complained about Defendant's discriminatory employment practices described above, in violation of Title VII.

54. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

55. As set forth above, Plaintiff participated in actions and activity protected under federal law including making comments and complaints against the Defendant including its supervision.

56. As set forth above and here with in, Plaintiff's direct supervisors were aware of the Plaintiff's protected activity and/or the disparate treatment of Plaintiff which included but was not limited to the lack of supervisory support, teasing and ridicule, excessive scrutiny, and false allegations that the Plaintiff resigned his position with the Defendant.

57. Plaintiff would not have suffered the adverse action of false allegations and loss of employment above but for his participation in actions and activity protected under federal law.

58. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT IV
## RETALIATION IN VIOLATION OF ELLIOTT-LARSEN

59. The foregoing paragraphs are incorporated herein by reference.

60. The Elliott-Larsen Act forbids an employer from discharging or discriminating against an employee with respect to the employee's terms and conditions of employment, forbids retaliatory for opposition to a violation of the Act, and applies to an employer and its agents

61. As set forth above, Plaintiff participated in actions and activity protected under federal law including making comments and complaints against the Defendant including plant supervisors.

62. As set forth above and here with in, Plaintiff's direct supervisors were aware of the Plaintiff's protected activity and/or the disparate treatment of Plaintiff which included but was not limited to the lack of supervisory support, teasing and ridicule, excessive scrutiny, and false allegations that the Plaintiff resigned his position with the Defendant.

63. Plaintiff would not have suffered the adverse action of false allegations and loss of employment above but for his participation in actions and activity protected under federal law. The actions of Defendant's supervisors and administrators was willful, malicious, and in reckless disregard of Plaintiff's right under the Act.

64. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT V
## AGE DISCRIMINATION, ADEA 29 USC §621, et seq

65. The foregoing paragraphs are incorporated herein by reference.

66. In the alternative to the proceeding claims, the foregoing adverse employment actions taken against Plaintiffs, constituted age discrimination under the ADEA.

67. Defendant, Aunt Millie's, conduct constitutes unlawful discrimination against Plaintiff in violation of his rights under the ADEA, 29 U.S.C. § 621 et seq.

68. Defendant acted purposely and with the intent to discriminate against the Plaintiff.

69. The foregoing actions of Defendant constituted harassment that altered the terms and conditions of Plaintiff's employment.

70. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT VI
## AGE DISCRIMINATION IN VIOLATION OF ELLIOTT-LARSEN ACT

1. The foregoing paragraphs are incorporated herein by reference.

2. In the alternative to the proceeding claims, the foregoing adverse employment actions taken against Plaintiffs, constituted age discrimination under the ADEA.

3. Defendant, Aunt Millie's, conduct constitutes unlawful discrimination against Plaintiff in violation of his rights under the ADEA, 29 U.S.C. § 621 et seq.

4. Defendant acted purposely and with the intent to discriminate against the Plaintiff.

5. The foregoing actions of Defendant constituted harassment that altered the terms and conditions of Plaintiff's employment.

6. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## **PRAYER FOR RELIEF**

**Wherefore,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor against Defendant, for the following equitable and legal relief:

a. Order payment of damages both in terms of pay, compensation, benefits, terms and conditions and emoluments of employment, including but not limited to back pay, front pay, any pay differential, and statutory interest incurred;

b. Payment of compensatory and punitive damages, to Plaintiff in an amount to be determined at trial;

c. Award Plaintiff the cost of litigation including reasonable attorney fees, witness fees, and other costs and expenses as allowed pursuant to Title VII, the ADEA, and Elliot-Larsen Act; and

d. Such other relief as this honorable Court deems just and proper.

Respectfully Submitted By:

**SCHRAMECK LAW PLLC**

By: /s/*Jeff T. Schrameck*
**Jeff T. Schrameck** (P.69523)
Attorney for Plaintiff Felix De Batal
42180 Ford Rd. Ste. 275
Canton, MI 48187
(734) 454-5400 (Office)
jeff@schramecklaw.com

## JURY DEMAND

Plaintiff, by his attorney, Jeff T. Schrameck, demands a trial by jury of all issues in this cause.

                Submitted By:

                **SCHRAMECK LAW PLLC**

          By: /s/*Jeff T. Schrameck*
                **Jeff T. Schrameck** (P.69523)